No. 99-40785
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40785
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAMIRO ALEJANDRO,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CR-184-1
- - - - - - - - - -
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

     Ramiro Alejandro appeals the revocation of his supervised

release and the imposition of a 23-month sentence.  The only

issues before this court following revocation of supervised

release are whether the district court abused its discretion by

revoking supervised release and whether the sentence imposed was

in violation of the law or plainly unreasonable.  See United

States v. McCormick, 54 F.3d 214, 219 and n.3 (5th Cir. 1995);

United States v. Mathena, 23 F.3d 87, 89 (5th Cir. 1994).

Possession by the defendant of a controlled substance, however,

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

results in the mandatory revocation of supervised release and imprisonment, and the district court has no discretion to disregard this requirement.  See 18 U.S.C. § 3583(g); see also United States v. Kindred, 918 F.2d 485, 487-88 (5th Cir. 1990). The district court need find a violation only by a preponderance of the evidence.  See 18 U.S.C. § 3593(e)(3).

Alejandro testified under oath that, among other things he used marijuana while on supervised release.  Accordingly, the district court's finding that Alejandro violated his supervised release condition was supported by the evidence and, as revocation was mandatory, the district court's decision to revoke was proper.  Because the district court's decision to revoke Alejandro's supervised release was proper based on the drug violation alone, this court need not address the nonsupport violation or the merit, or lack thereof, of any of the asserted Fifth Amendment issues Alejandro raises.

The district court's imposition of a 23-month sentence was neither in violation of the law nor plainly unreasonable. Mathena, 23 F.3d at 89.  The court's decision to depart upward from the recommendation of the probation office was based upon the court's finding that Alejandro had committed perjury throughout the revocation hearing.  The resulting 23-month sentence, however, was within the maximum allowed under the law. See 18 U.S.C. § 3583(e)(3).  The district court's judgment AFFIRMED.  The Government's motion to file a supplemental brief is DENIED.